UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEVERLY BARNHORST,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:10-cv-526
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on plaintiff's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 27), the Commissioner's response in opposition (Doc. 28), and plaintiff's reply memorandum (Doc. 29). Plaintiff seeks an award of attorney fees in the amount of $6,500.00 for work done before this Court as provided for under the Act.

Pursuant to 42 U.S.C.§ 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In the instant case, the District Judge adopted the Report and Recommendation of the Magistrate Judge reversing the decision of the Commissioner and remanding this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docs. 20, 21). Plaintiff subsequently filed a motion for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), seeking a fee for work which her attorney Shoshana Pehowic performed in the District Court. (Doc. 23). By stipulation of the parties, the District Judge awarded attorney fees to plaintiff in the amount of $3,000.00 under EAJA. (Docs. 25, 26). On remand, plaintiff was found disabled as of November 2006. (Doc. 27, Ex. 2). Acting pursuant to §406(b)(1)(A), the Commissioner withheld twenty-five percent of past due benefits on the account of plaintiff - or $16,364.00 - as a potential contingency fee to be awarded to plaintiff's counsel. (Doc. 27, Ex. 2 at 3). According to plaintiff, counsel has received $6,000.00 in attorney's fees from withheld back-benefits for work performed before the Social Security Administration and $2,650.00 in EAJA fees. (Doc. 27 at 4). The Court notes, however, that counsel was granted $3,000.00 under EAJA, not $2,650.00.[1] See Docs. 25, 26.

Plaintiff now requests $6,500.00 in attorney's fees under § 406(b) for work performed before the Court. Plaintiff has submitted a copy of the fee agreement she entered into with attorney Pehowic under which she agreed to pay attorney Pehowic a contingency fee of 25 percent of past-due benefits. (Doc. 27, Ex. 1). To calculate the § 406(b) fee, plaintiff has taken the 25 percent past-due benefit amount withheld by the Social Security Administration - $16,364.00 - and subtracted the $8,650.00 in fees already paid to counsel. Plaintiff requests

---

[1] Though plaintiff contends that $350.00 of the amount previously awarded constituted repayments of costs incurred by counsel in paying the filing fee for plaintiff's action, the parties' stipulation for EAJA fees does not reflect such a distinction. See Doc. 25 (the parties represented that they "jointly stipulate and petition this Court to enter an order awarding attorney fees in the total amount of $3,000.00 under [EAJA]."). As the record clearly reflects that the $3,000.00 was awarded as EAJA attorney fees, plaintiff's contention to the contrary is not well-taken.

2

$6,500.00 as attorney Pehowic's fee under § 406(b), which she notes is less than the $7,714.00 she could potentially receive. (Doc. 27 at 4). The Court again notes that because counsel received $3,000.00 in EAJA fees, the maximum amount she is entitled to is $7364.00.

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under Section 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

3

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Here, the fee of $6,500.00 requested by plaintiff, when added to the $9,000.00 fee already paid to counsel, falls within the 25 percent boundary. The question then becomes whether the requested fee is reasonable. In support of the § 406(b) fee request, plaintiff submits that her counsel expended a total of 15.75 hours of attorney time on this case before the District Court. (Doc. 27 at 5). Plaintiff contends that the requested fee is reasonable given attorney Pehowic's success in achieving a desirable outcome of her claim as set forth in the instant motion. (Doc. 27 at 2-3). Specifically, the motion provides that counsel's representation led to an excellent result as plaintiff was found disabled following counsel's appeal and representation of plaintiff on remand. (*Id.*).

Dividing the requested fee of $6,500.00 by the 15.75 hours expended in the District Court produces a hypothetical fee of $412.70 per hour. In determining whether counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended," *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (quoting *Rodriquez,* 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract

4

is less than twice the standard rate for such work in the relevant market." *Hayes*, 923 F.2d at 422. As the Sixth Circuit explained:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez's* windfall rule for "minimal effort expended," the reasonableness of the fee.

*Hayes*, 923 F.2d at 422.

The *Hayes* "floor" in this case is $5,355.00 representing 15.75 hours times an hourly rate of $170.00[2] multiplied by 2. Although plaintiff's request for $6,500.00 in fees is above the *Hayes* floor, the Court determines that the requested fee is nevertheless reasonable considering the relevant factors set forth in *Gisbrecht*, 535 U.S. at 808. Counsel achieved an excellent result for her client, resulting in a past-due benefit award of over $65,000.00, as well as ongoing Social Security benefits. While this matter was not exceedingly complicated, counsel was required to expend more than minimal effort as demonstrated by counsel's thorough briefing of the issues before the Court. In addition, counsel and plaintiff have a contingency fee agreement which provides that counsel's fees will be 25% of plaintiff's past-due benefits. *See* Doc. 27, Ex. 1 at 1. The requested § 406(b) fee, when adjusted for the EAJA fees awarded by this Court and for the

---

[2] Plaintiff's counsel asserts that "she works completely on a contingent fee basis and thus does not have a non-contingent fee rate to quote to this Court" for purposes of determining the *Hayes* floor. (Doc. 29 at 2). In the absence of any guidance from counsel as to what an appropriate non-contingent fee is, the Court adopts the hourly rate of $170.00 for purposes of the *Hayes* analysis based on recent EAJA fee petitions and § 406(b) fee motions. *See Iames v. Comm'r of Sec. Sec.*, No. 1:12-cv-829, 2014 WL 2683103, at *2 (S.D. Ohio June 13, 2014) (awarding fees and costs reflecting an hourly rate of $170.00); *Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2014 WL 1045898, at *2, n.2 (S.D. Ohio Mar. 14, 2014) (finding that $170.00 was an appropriate hourly rate based on the previously filed EAJA petition).

5

fees awarded at the administrative level, is approximately 23% of plaintiff's past-due benefits, less than the amount set forth in the contingency fee agreement. Although the requested fee amounts to an hourly rate of $412.70 for the 15.75 hours spent representing plaintiff in this Court, the requested fee does not amount to a windfall to plaintiff's counsel. This hourly rate is admittedly somewhat higher than the $360.00 rate found reasonable by the Commissioner (Doc. 28 at 4), but it is lower than previous awards made by the Court in similar cases. *See, e.g., Wagner v. Comm'r of Soc. Sec.*, No. 1:10-cv-784, 2014 WL 1338092 (S.D. Ohio April 2, 2014) (adopting recommendation to award fees at a hypothetical hourly rate of $689.38); *Wright v. Astrue*, No. 3:09-cv-115, 2012 WL 3023258 (S.D. Ohio July 24, 2012) (awarding contingency fee rate amounting to $539.57 per hour); *Pencil v. Astrue*, No. 3:10-cv-394, 2012 WL 4364273 (S.D. Ohio Sept. 24, 2012) (approving contingency fee award with a computed hourly rate of $546.32); *Burney v. Astrue*, No. 3:07-cv-419, 2011 WL 1675264 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation for awarding contingency fee award of $15,360 where the computed hourly rate was $646.74); *Thacker v. Astrue*, No. 3:08-cv-135, 2011 WL 1660201 (S.D. Ohio May 3, 2011) (adopting Report and Recommendation for awarding contingency fee award of $13,650 with a computed hourly rate of $620.00). Moreover, there is no evidence that counsel was responsible for any delay in the ultimate award of benefits. Likewise, there is no evidence of improper attorney conduct or ineffectiveness of counsel which would cause the Court to reduce the amount of the requested fee. To the contrary, plaintiff was well represented by counsel in this case. Therefore, the motion for attorney's fees pursuant to 42 U.S.C. § 406(b) (Doc. 27) should be **GRANTED**.

 The Court therefore **RECOMMENDS** that plaintiff's § 406(b) motion for attorney fees

by plaintiff's counsel be **GRANTED** and that counsel be **AWARDED** $6,500.00 as her fee in this case.

Date: 9/16/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEVERLY BARNHORST,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:10-cv-526
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).